United States Court of Appeals
Fifth Circuit

**F I L E D**

September 7, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 06-50739
Summary Calendar

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee**

**versus**

**PEDRO BARRAZA-RODRIGUEZ,**

**Defendant-Appellant.**

**Appeal from the United States District Court
for the Western District of Texas
(3:05-CR-1920-ALL)**

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges

PER CURIAM:[*]

Pedro Barraza-Rodriguez pleaded guilty to violating 8 U.S.C. § 1326 by reentering the United States after having been deported. The district court sentenced him to 57 months in prison to be followed by three years of supervised release. He contends his sentence is unreasonable because the district court failed to consider his long ties to the United States and his alcoholism as factors in mitigation of his sentence. He also challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and aggravated felony convictions as sentencing factors rather than elements of the offense.

Sentences imposed under 8 U.S.C. § 3553(a) are reviewed on appeal for reasonableness. *United States v. Booker*, 543 U.S. 220, 261-262 (2005); *United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005), *cert denied*, 546 U.S. 828 (2005). As Barraza-Rodriguez concedes, his first contention, which challenges our precedent holding sentences within properly calculated guidelines ranges are presumed to be reasonable, fails in the light of *Rita v. United States*, 127 S. Ct. 2456, 2462 (2007).

Barraza-Rodriguez does not maintain his guidelines range was improperly calculated. Moreover, a sentence within a properly calculated guidelines range is entitled to great deference. *Mares*, 402 F.3d at 520. In reviewing such a sentence, we merely ask whether the district court abused its discretion in imposing it. *Rita*, 127 S. Ct. at 2465. Barraza-Rodriguez has not shown an abuse of discretion.

Barraza-Rodriguez's second claim challenges, in the light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than as elements of the offense that must be found by a jury. This issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). Although Barraza-Rodriguez contends *Almendarez-Torres* was

2

incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez-Torres* in the light of *Apprendi*, we have repeatedly rejected such arguments on the basis that *Almendarez-Torres* remains binding. *See* *United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir. 2005), *cert. denied*, 546 U.S. 919 (2005). Barraza-Rodriguez properly concedes his argument is foreclosed in the light of *Almendarez-Torres* and circuit precedent, but raises it here to preserve it for further possible review.

*AFFIRMED*